■ In the Matter of MARK E., Alleged to be a Person in Need of Supervision, Appellant. DEBORAH E., Respondent.—Mikoll, J. Appeals (1) from an order of the Family Court of Montgomery County (Aison, J.), entered March 12, 1986, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent a person in need of supervision, and (2) from an order of said court, entered March 14, 1986, which remanded respondent to a nonsecure detention facility pending placement with the Montgomery County Department of Social Services.

Petitioner made application to have respondent, her 15-year-old son, adjudicated a person in need of supervision (hereinafter PINS). Following a hearing, held on February 5, 1986, Family Court found that respondent had been absent from school on approximately seven occasions; that respondent had been intoxicated at his residence on approximately six occasions and was drinking at his home on two occasions; and that, when intoxicated, respondent used obscene language toward petitioner and his siblings and was uncontrollable. Family Court placed respondent in petitioner's custody and set the matter down for a dispositional hearing. Respondent was ordered to desist from drinking and curfews were imposed.

At the dispositional hearing, held March 12, 1986, additional evidence was adduced as to respondent's continued intoxication on several occasions, violations of curfew and arguing with his siblings. Respondent was found to be a PINS. Respondent was placed with the Montgomery County Department of Social Services for an initial period of 18 months. After a ruckus at respondent's home on March 13, 1986, the Department moved for respondent's placement in a nonsecure detention facility. At a hearing held on March 14, 1986, testimony was adduced indicating that respondent had threatened petitioner and that the police were called. Thereafter, Family Court remanded respondent to the nonsecure detention facility.

On this appeal, respondent urges that Family Court did not have legally sufficient evidence adduced before it to adjudge him a PINS. Respondent contends that petitioner's failure to introduce school records of respondent's absences as business records was fatal in that Jacob La Bete, the attendance counselor for the school district, had no personal knowledge of

defendant's absences and thus the adjudication was based on inadmissible hearsay. We note that no objection was raised to the admission of La Bete's testimony. However, accepting the legitimacy of the argument, we nonetheless conclude that La Bete had personal knowledge of 3 of the 7 unexcused absences which underlie the determination. In addition, the record is replete with other relevant evidence to sustain the PINS finding, namely, respondent's persistent abuse of alcohol, tirades against family members and failure to obey reasonable parental directions.

We find the other arguments raised by respondent to be without merit.

Orders affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.